IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HYDRO-EXC., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20 C 00994 |
| | ) | |
| VCNA PRAIRIE LLC d/b/a Prairie Material, | ) | Judge John J. Tharp, Jr. |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons set forth in the Statement below, the defendant's motion to dismiss [13] is denied. All discovery scheduling and supervision are referred to the assigned Magistrate Judge, along with authority to conduct any settlement conference the parties may seek.

## STATEMENT

Hydro-Exc., Inc., alleges that VCNA Prairie LLC filled the manhole that Hydro-Exc. was working on with the wrong material, causing substantial damages in violation of Illinois tort and contract law. Prairie moved to dismiss for failure to state a claim for relief pursuant to Rule 12(b)(6). Jurisdiction based on 28 U.S.C. § 1332 is adequately alleged.

The following facts are taken from the complaint and are taken as true for the purposes of the defendant's motion to dismiss. Hydro-Exc. alleges that AT&T hired it to perform work as an excavator at a jobsite at Lake Street and Damen Avenue in Chicago. The jobsite had a manhole that contained fiber optic cables belonging to AT&T. To stabilize the manhole while other work at the site occurred, Hydro-Exc. needed to fill the manhole with temporary material that would be removable with Hydro-Exc.'s hydro-excavation trucks. Hydro-Exc. called Prairie's representative to solicit a bid for the job; Prairie's representative recommended a fill material called CLSM Mix No. 6115771. Prairie's representative later confirmed that Hydro-Exc. could remove the recommended fill with its hydro-excavation technology. Hydro-Exc. alleges that it entered into an oral contract with Prairie for Prairie to supply and pour the mix. On July 31, 2018, Prairie delivered two loads of the fill and poured them into the manhole. Two days later, Hydro-Exc. needed to remove the top half of the fill so that AT&T could access conduits near the top of the manhole. Hydro-Exc. had no problems excavating the mix with its hydro-excavation trucks.

After AT&T finished its work in the manhole, Hydro-Exc. ordered a third fill of the same mix from Prairie to refill the manhole. On August 6, 2018, Prairie refilled the manhole, but Hydro-Exc. alleges that Prairie did not use the mix it had ordered. When Hydro-Exc. attempted to excavate the fill on October 10, 2018, it found that the fill had hardened into a concrete-like material. Hydro-Exc.'s hydro-excavation could not excavate the material; instead, Hydro-Exc. had to use pneumatic breakers (jackhammers) and hand chisels. Hydro-Exc. completed the removal

about a month later, damaging AT&T's fiber optic cable in the process. Hydro-Exc. also had to rebuild the manhole.

Prairie refused to reimburse Hydro-Exc. for its damages, and Hydro-Exc. filed this lawsuit. Prairie filed a motion to dismiss and attached a document entitled Application for Credit and Agreement as to Credit Terms; Prairie argues that the terms of the agreement preclude Hydro-Exc.'s claim.

But the Court may only consider documents attached to a motion to dismiss as part of the complaint if the documents "are referred to in the plaintiff's complaint and are central to [its] claim." *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013) (quoting *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006)). Otherwise, the Court may either exclude the attached documents or convert the motion to a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). Hydro-Exc. contends that the agreement does not fall under the narrow exception for documents referred to in and central to the complaint; Hydro-Exc. alleges an oral contract, not a written agreement. The Court grants Hydro-Exc.'s motion to exclude the agreement and does not treat the motion as a motion for summary judgment. *Nutrien Ag Sols., Inc. v. Consol. Grain & Barge Co.*, No. 4:21-cv-04091-SLD-JEH, 2022 WL 673700, at *3 (C.D. Ill. Mar. 7, 2022) (excluding a written contract attached to the motion to dismiss when plaintiff alleged an implied contract). Discovery may shed light on the application and proper interpretation of the written agreement, and it is at summary judgment, or trial, that the relevance of that agreement may be assessed. The Court, therefore, does not presently consider Prairie's arguments based on the agreement.

Prairie moves to dismiss Counts I and II as barred by the economic loss doctrine and Counts I, II, IV, V, and VI as duplicative of the count based on contract law (Count III). Prairie also moves to dismiss Hydro-Exc.'s claim that Prairie failed to deliver merchantable product in violation of the implied warranty of merchantability (Count VI), on the ground that the complaint alleges that what was delivered was the wrong product, not that the product was defective.

Prairie's arguments, however, disregard the distinction between claims and counts. Under Rule 12(b)(6), the Court has the authority to dismiss claims for relief—not legal theories offered in support of claims. "[A] claim is 'the aggregate of operative facts which give rise to a right enforceable in the courts.'" *Florek v. Vill. of Mundelein*, 649 F.3d 594, 599 (7th Cir. 2011) (quoting *Original Ballet Russe v. Ballet Theatre*, 133 F.2d 187, 189 (2d Cir. 1943)). A count, by contrast, is the articulation of a legal theory upon which the plaintiff may premise its claim. That the plaintiff identified multiple legal theories to support a claim and set them forth as "counts" does not authorize courts to dismiss claims on a count-by-count basis. *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 399 (7th Cir. 2012) ("One claim supported by multiple theories does not somehow become multiple claims."). "A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims; . . . [s]ummary judgment is different. The Federal Rules of Civil Procedure explicitly allow for '[p]artial [s]ummary [j]udgment' and require parties to 'identif[y] each claim or defense—*or the part of each claim or defense*—on which summary judgment is sought.'" *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) (quoting Fed. R. Civ. P. 56(a)) (emphasis in original). "What this all means is that when two theories based on the same facts—and part of a single claim for relief—are presented in a complaint, and a defendant only challenges the sufficiency of the complaint as to one of the theories, the claim cannot be dismissed. And the challenged *theory* can't

be dismissed, either, because dismissal of theories (as opposed to claims) is inappropriate at the motion to dismiss stage." *Winstead v. Lafayette Cnty. Bd. of Cnty. Comm'rs*, 197 F. Supp. 3d 1334, 1341 (N.D. Fla. 2016) (emphasis in original).

The complaint asserts but one claim: Prairie filled the manhole with unsuitable material. Hydro-Exc. has identified myriad legal theories to support that claim, sounding in tort, breach of contract, and breach of warranty. Even if Prairie is correct that the economic loss doctrine prevents the negligence theories from being viable legal theories, the ***claim*** cannot be dismissed because one of the proffered legal theories is infirm. Plaintiffs are not required even to plead any legal theory, so specifying an incorrect theory cannot be fatal to a claim. *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073, 1078 (7th Cir. 1992). The claim would still be supported by theories under contract law. The same is true of Prairie's argument that Count VI, Hydro-Exc.'s theory that Prairie's product failed. Under Rule 12(b)(6), the Court reviews the plausibility of claims, not counts. Given the allegations of the complaint, this claim easily clears the plausibility threshold.

_____
Dated: July 13, 2022

John J. Tharp, Jr.
United States District Judge